IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
FREDERICK LENGOR,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No.  10 C 3077
                                 )
ST. MARY'S AND ST. ELIZABETH     )
HOSPITAL MEDICAL CENTER,         )
et al.,                          )
                                 )
          Defendants.            )
```

<u>MEMORANDUM ORDER</u>

Saints Mary and Elizabeth Medical Center and Resurrection Medical Center Corporation have filed their Answer, including some affirmative defenses ("ADs"), to the First Amended Complaint ("FAC") by Frederick Lengor charging them with employment discrimination. This memorandum order is issued sua sponte because of a few problematic aspects of that responsive pleading.

To begin with, defense counsel have failed to follow the clear roadmap marked out by Fed. R. Civ. P. ("Rule") 8(b)(5) as the means for obtaining the benefit of deemed (rather than outright) denials--see App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Accordingly the imperfect disclaimers contained in Answer ¶¶5, 6, 20, 22, 25 and 27 are stricken, but with leave granted to replead those on or before August 9, 2010, failing which the corresponding allegations of the FAC will be deemed to have been admitted.

Moreover, defense counsel have compounded that problem in

three instances (Answer ¶¶20, 22 and 27) by following the flawed disclaimers with the statement that defendants, "on that basis, deny the allegations in paragraph --" or the like. That is of course oxymoronic--how can parties that must assert under Rule 8(b)(5) that they lack even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer, without leave to replead.

Next, defense counsel inappropriately state in Answer ¶12 that "no responsive pleading is required" to allegations that they characterize as "a legal conclusion." That was not so before the Supreme Court issued its <u>Twombly</u>-<u>Iqbal</u> opinions (see App'x ¶2 to <u>State Farm</u>), and it is not so now as to the type of allegation set out in FAC ¶12. Accordingly the first sentence of Answer ¶12 is stricken, again without leave to replead.

Finally, though some of defendants' ADs also appear troublesome, no order will be entered as to any of those. If and when Lengor's counsel were to file anything in that regard, this Court would then consider the matter.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 27, 2010