IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDERICK LENGOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 C 3077 |
| ) | |
| ST. MARY'S AND ST. ELIZABETH ) | |
| HOSPITAL MEDICAL CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Although counsel for plaintiff Frederick Lengor ("Lengor") had filed a motion to strike defendants' Amended Affirmative Defenses to the First Amended Complaint ("FAC") for presentment at this Court's September 29 motion call, counsel failed to comply with the express requirements of this District Court's LR 5.2(f)(and this Court's corresponding directive on its website)-- that is, no copy of counsel's September 27 electronic filing was delivered to this Court's chambers until very shortly before this Court took the bench on September 29. As a result, the matter was not addressed at the time of presentment, and this Court advised the parties that it would examine the motion and advise them as to whether a further court appearance was required.

It is not. There is very good reason that, as movant's counsel himself acknowledged at the outset of his supporting memorandum, that motions to strike are both "sparingly used" and "disfavored." They rarely accomplish anything constructive, and

they consume valuable resources: lawyers' time and clients' money. This Court confesses to the issuance of a good many opinions striking pleadings sua sponte, but those typically rely on and cite to the Appendix in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001), thus minimizing the expenditure of this Court's own time and sparing the litigants' just-referred-to costs.

In this instance the current motion is the second effort by Lengor's counsel to strike ADs, with the first having been ruled upon orally by this Court on September 3. Defense counsel thereafter heeded this Court's oral admonitions by (1) dropping the first AD (which this Court had stricken without prejudice) and (2) recasting the other three ADs (originally numbered 2, 3 and 4) somewhat as ADs 1, 2 and 3 in their current pleading.

Here Lengor's challenge to what is now AD 1 ignores the fact that this Court's September 3 oral ruling had denied the motion to strike that AD when it carried number 2. Needless to say, Lengor's renewed motion is denied.

As to AD 2 (a revised version of what had earlier been AD 3), it is adequately informative under the notice pleading principles that are applicable to plaintiffs and defendants alike. To the extent that Lengor's counsel believe that they need more detail, that is what the federal rules on discovery are all about. Again Lengor's motion to strike is denied.

That same thing is true as to AD 3 (a slightly revised version of former AD 4). It should be understood, as this Court frequently points out, that barring an action because a limitations period has expired does not mean that those allegations in a complaint should themselves be stricken. To the contrary, they may well be relevant as evidence of a discriminatory mindset or for other purposes. Again discovery is available to gain further particulars. So that aspect of Lengor's motion is denied as well.

What has gone before reflects this Court's ruling on the pending motion. There is no need for the litigants' counsel to appear in court again until the next scheduled status hearing date of 9 a.m. October 15, 2010.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 30, 2010